UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:                                           Case No. 09-10935-DHW
                                                 Chapter 13
ROBERT W. LAIRD and
RAMONA S. LAIRD,

    Debtors.

### MEMORANDUM OPINION

Before the court is PeoplesSouth Bank's (hereinafter "the Bank") objection to the confirmation of the debtors' amended chapter 13 plan. At issue is whether the debtors may, under their plan, credit their homestead exemption against the value of their property and thereby reduce the amount of the Bank's allowed secured claim. Upon consideration of the parties' factual stipulations and their respective arguments of law, the court concludes that the Bank's objection to confirmation is well taken and that confirmation of the amended plan must be denied.

### Jurisdiction

This court's jurisdiction in this dispute is derived from 28 U.S.C. § 1334 and from an order of the United States District Court for this district wherein that court's jurisdiction in title 11 matters was referred to the Bankruptcy Court. *See* General Order of Reference of Bankruptcy Matters (M.D. Ala. Apr. 25, 1985). Further, because plan confirmation is at issue here, this court's jurisdiction is extended to the entry of a final order or judgment pursuant to 28 U.S.C. § 157(b)(2)(L).

### Procedural History and Stipulated Facts

The debtors filed this chapter 13 petition for relief on May 15, 2009.[1] On July 27, 2009, the Bank filed a motion to determine the value of the property securing

---

[1] This, however, is not the debtors' first bankruptcy case. They filed a chapter 11 case on June 13, 2007 (No. 07-10768). In that case, the court (Sawyer, J.) granted the Bank's motion and dismissed the case on May 4, 2009. Just eleven days later, the debtors filed the instant chapter 13 case.

its claim (Doc. #31).[2]  The only property in question was the debtors' residence located at 479 Center Church Road, Webb, Alabama.  Certain commercial property on which the Bank also held a mortgage had previously been foreclosed leaving the debtors' home as the only remaining collateral.  Following an evidentiary hearing on the matter, the court entered an order finding that the debtors' residence had a value of $390,000 (Doc. #58).

On December 1, 2009, the debtors filed an amended plan (Doc. #60), which is the subject of this dispute.  That plan, *inter alia*, fixed the secured value of the Bank's claim at $117,775.  In arriving at that amount, the debtors started with the $390,000 valuation of their home as fixed by the court, subtracted the $262,225 principal balance owed to the first mortgagee[3], subtracted a $10,000 homestead exemption, and arrived at the amount of $117,775 as the Bank's secured claim.

Conclusions of Law

The Bank contends that the debtors have improperly computed the amount of its secured claim by deducting their $10,000 homestead exemption from the property value.  The debtors, however, contend that the homestead exemption, which they did not waive in accordance with state law, is superior to the consensual second mortgage of the Bank and that deduction of the homestead exemption is proper in determining the Bank's secured claim.

The debtors claim their homestead exemption under Article X, § 205 of the Alabama Constitution (1901) and under Ala. Code § 6-10-2 (1975).  Alabama's Constitution provides:

> Every homestead not exceeding eighty acres, and the dwelling and appurtenances thereon, to be selected by the owner thereof, and not in any city, town or village, or in lieu thereof, at the option of the owner, any lot in a city, town, or village, with the dwelling and appurtenances

---

[2]On January 21, 2005, the debtors gave the Bank this second mortgage on their residence. The mortgage was jointly executed by Mr. and Mrs. Laird and witnessed by a notary public. *See* Addendum to Joint Stipulation of Facts at Doc. #83.

[3]Chase Home Finance is the debtors' first mortgagee.  The debtors' amended plan shows the principal balance on this claim at $262,225.  The parties' stipulation of facts, however, states that the principal balance is $262,000.  This discrepancy does not prevent this court from deciding the dispute at issue here.

> thereon owned and occupied by any resident of this state, and not exceeding the value of two thousand dollars, shall be exempt from sale or execution or any other process from a court; for any debt contracted since the thirteenth day of July, eighteen hundred and sixty-eight, or after the ratification of this Constitution. *Such exemption, however, shall not extend to any mortgage lawfully obtained*, but such mortgage or other alienation of said homestead by the owner thereof, if a married man, shall not be valid without the voluntary signature and assent of the wife to the same.

Ala. Const. art. X, § 205 (1901) (Emphasis added). This constitutional provision has been essentially codified by Ala. Code § 6-10-2 (1975) but for an enlargement in the acreage covered (160) and the monetary limitation ($5,000). That statute provides:

> The homestead of every resident of this state, with the improvements and appurtenances, not exceeding in value $5,000 and in area 160 acres, shall be, to the extent of any interest he or she may have therein, whether a fee or less estate or whether held in common or in severalty, exempt from levy and sale under execution or other process for the collection of debts during his or her life and occupancy and, if he or she leaves surviving him or her a spouse and a minor child, or children, or either, during the life of the surviving spouse and minority of the child, or children, but the area of the homestead shall not be enlarged by reason of any encumbrance thereon or of the character of the estate or interest owned therein by him or her. When a husband and wife jointly own a homestead each is entitled to claim separately the exemption provided herein, to the same extent and value as an unmarried individual. For purposes of this section and Sections 6-10-38 and 6-10-40, a mobile home or similar dwelling if the principal place of residence of the individual claiming the exemption shall be deemed a homestead.

Ala. Code § 6-10-2 (1975). Under these provisions, the debtors claim their $10,000 homestead exemption.

The debtors point to another section of the Code concerning a waiver of the homestead exemption. That statute provides:

> As to the homestead, the waiver must be by a separate instrument in writing, subscribed by the party making the same and attested by one

> witness. If such party is a married man, such waiver shall not be valid without the voluntary signature and assent of the wife and acknowledgment by her before an officer authorized to take acknowledgments in the form of the individual acknowledgment prescribed by this Code. If such party is a married woman, such waiver shall be executed only in the mode prescribed by Section 30-4-12 for the alienation of her lands.

Ala. Code § 6-10-122 (1975). Because they did not waive their homestead exemption in accordance with Section 6-10-122, the debtors contend that the exemption is superior to the Bank's consensual mortgage lien. The court is not persuaded.

As noted, the Alabama Constitution specifically provides that the homestead exemption "shall not extend to any mortgage lawfully obtained." Ala. Const., *supra*. Further, Alabama law prescribes the requirements for a lawful mortgage of married person's homestead as follows:

> No mortgage, deed or other conveyance of the homestead by a married person shall be valid without the voluntary signature and assent of the husband or wife, which must be shown by his or her examination before an officer authorized by law to take acknowledgments of deed, and the certificate of such officer upon, or attached to, such mortgage, deed or other conveyance, which certificate must be substantially in the form of acknowledgment for individuals prescribed by section 35-4-29.

Ala. Code § 6-10-3 (1975). Both Mr. and Mrs. Laird voluntarily signed the mortgage to the Bank, and their signatures were witnessed by a notary public in compliance with Section 6-10-3. Hence, the mortgage was a valid one, and the debtors' homestead exemption, under the Alabama Constitution, is inferior to that lien.

Further support for this conclusion is supplied by another statutory provision. That section of the Code provides:

> The provisions of this article shall not, however, be construed ......... so as to affect any deed, mortgage, or lien on such homestead, lawfully executed or created.

Ala. Code § 6-10-4 (1975).

In this case, the debtors voluntarily conveyed an interest in their homestead to the Bank in a manner prescribed by law. Although the debtors did not waive their homestead exemption under Section 6-10-122, the Alabama Constitution and Section 6-10-4 make clear that the exemption does not extend to the lawfully executed mortgage. *See In re Carroll*, 67 B.R. 1020 (Bankr. N.D. Ala. 1986) (holding that a second mortgage given under Section 6-10-3 is superior to the debtor's homestead exemption). Accordingly, the court finds that the debtors' homestead exemption is inferior to the Bank's consensual mortgage lien and that their amended plan improperly calculates the amount of the Bank's secured claim.

Conclusion

For the reasons stated herein, the court finds that the Bank's objection to the confirmation is due to be sustained. Pursuant to F.R.B.P. 9021, a separate order will enter denying confirmation of the debtors' amended plan and ordering the chapter 13 case dismissed unless within a prescribed time the plan is amended consonant with this memorandum opinion.

Done this the 22nd day of April, 2010.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtors
Collier H. Espy, Jr., Debtors' Attorney
James D. Farmer, PeoplesSouth Bank Attorney
Curtis C. Reding, Trustee